(No. 5333- )

ILLINOIS BELL TELEPHONE COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1966.*

JAMES R. BRYANT, JR., DOUGLAS G. BROWN AND THOMAS R. PHILLIPS, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, Illinois Bell Telephone Company, filed its claim on August 4, 1966 seeking to recover the sum of $2,066.95, a balance due and owing to claimant for services rendered to the Department of Public Health for the billing period of September 11, 1964 to September 25, 1964.

Claimant alleges that services were actually furnished to respondent pursuant to tariffs, rules, and regulations of the Illinois Commerce Commission, which form a contract between the Telephone Company and its subscribers. Claimant further alleges that the services rendered consisted of a Centrex console equipment installation, fixed equipment rental, and terminals, and other items that are more specifically set forth in a bill of particulars, which was made a part of claimant's complaint. It is further alleged that the claim was presented to the Director of Public Health early in 1966, and that by reason of lapse of the appropriations for the biennium involved the claim was not paid.

Claimant and respondent, by their respective attorneys, on September 6, 1966, entered into the following stipulation:

"1. That claimant is a Public Utility Corporation, incorporated under Illinois Law, and at the special instance and request had supplied equipment and service at the Public Health Office at 1601 W. Taylor Street, Chicago, Illinois.

"2. That the charge for said installation and service, as provided for in the published tariffs, is as follows:

| | | |
|---|---|---|
| a. Specific terminals | $ | 139.51 |
| b. Fixed rentals | | 855.07 |
| c. Console charges | | 147.04 |
| d. Installation charges | | 925.33 |
| Total | | $2,066.95 |

"3. That, as a result of a new program of payment adopted by the Department of Public Health, and the delay in billing by claimant, payment was not made prior to the closing of the biennium appropriation.

"4. That no assignment or transfer of the claim has been made.

"5. That there is rightfully due to claimant the sum of $2,066.95.

"6. That, upon the foregoing agreed case filed therein, the Court shall decide thereon, and render judgment herein according to the rights of the parties in the same manner as if the facts aforesaid were proved upon the trial of said issue."

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due. *Rockford Memorial Hospital Association, A Corporation, vs. State of Illinois,* Case No. 5165, opinion filed September 25, 1964; *American Oil Company, Inc., A Corporation, vs. State of Illinois,* Case No. 5109, opinion filed June 26, 1964. It appears that all qualifications for an award have been met in the instant case.

Claimant, Illinois Bell Telephone Company, is hereby awarded the sum of $2,066.95.